Citation Nr: 1710362 
Decision Date: 03/31/17 Archive Date: 04/11/17

DOCKET NO. 08-21 075 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Montgomery, Alabama


THE ISSUES

1. Entitlement to service connection for an acquired psychiatric disorder, to include post-traumatic stress disorder ("PTSD") and a bipolar-type psychotic disorder.

2. Entitlement to service connection for erectile dysfunction, to include as secondary to an acquired psychiatric disorder. 


REPRESENTATION

Veteran represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

Veteran



ATTORNEY FOR THE BOARD

M. Timbers, Associate Counsel


INTRODUCTION

The Veteran served as a member of the United States Army, with active service from November 1972 through January 1974. 

This appeal comes to the Board of Veterans' Appeals ("Board") from a June 2008 rating decision by the Department of Veterans Affairs ("VA") Regional Office ("RO") in Montgomery, Alabama (hereinafter Agency of Original Jurisdiction ("AOJ")).

The Veteran testified at a March 2012 Board videoconference hearing, held before the undersigned Veterans Law Judge. A transcript of this hearing has been reviewed and associated with the Veteran's claims file.

The Veteran's appeal has previously been before the Board. In a May 2012 Decision, the Board reopened the Veteran's claim for service connection of an acquired psychiatric disorder based upon the submission of new and material evidence. Additionally, in the May 2012 Decision, the Board remanded the issue for further development, to include the procurement of a VA psychiatric examination. Most recently, the Veteran's appeal was remanded in January 2016 for an addendum VA psychiatric opinion. An additional opinion was requested with regards to the Veteran's claim for service connection of an erectile dysfunction disability, to include as secondary to the Veteran's acquired psychiatric disability. 

This appeal was processed using Virtual VA and the Veterans Benefits Management System ("VBMS"). Accordingly, any future consideration of this Veteran's case should take into consideration the existence of this electronic record.

Lastly, it should be noted, that in a prior September 2007 Rating Decision, the RO found the Veteran was incompetent to handle the disbursement of funds. His sister has been chosen to handle his VA benefits. 

The appeal is REMANDED to the AOJ. The VA will notify the Veteran if further action is required. 


REMAND

The Board recognizes that the Veteran's claim has been previously been remanded; however, while the Board sincerely regrets the additional delay, the Veteran's claim must again be remanded in order to ensure that the VA has adequately assisted the Veteran in the development of his claim. 

The Board finds the March 2013 VA examination and the May 2016 VA addendum opinion to be inadequate. First, the March 2013 VA examination did not comply with the requests of the Board's May 2012 Remand directives. In the March 2012 Remand, the Board requested the VA examiner address and discuss the Veteran's reported in-service traumatic events, which included fights with his fellow soldiers and the verified in-service stressor of seeing a fighter jet crash into an Army armored personnel carrier. In the March 2013 VA examination, the examiner acknowledged that the Veteran reported in-service fights with fellow soldiers, but did not discuss this as a symptom or contributing cause to the Veteran's current psychiatric disability. Additionally, the March 2013 VA examiner stated he did not "recall" the Veteran identifying "a specific reference to witnessing a plane crash" during the examination. The examiner then stated that "observing such an event would be adequate for the development of PTSD symptoms." Despite this acknowledgement, the March 2013 VA examiner concluded by finding the Veteran did not meet the criteria for a diagnosis of PTSD. As this March 2013 VA examination and opinion overlooked the Veteran's verified in-service stressor, and was not based upon a review of the claims file, the Board finds this examination to be inadequate. 
Thereafter, a January 2016 Board Remand requested an addendum opinion be obtained, which requested the VA examiner to address the Veteran's verified in-service stressor and acknowledge that the Veteran's claims file was reviewed. In the responsive May 2016 VA addendum opinion, the examiner concluded that the Veteran's claim for service-connection of PTSD is "ruled out," because a prior March 2013 VA examination and opinion found the Veteran did not meet the criteria for a PTSD diagnosis. See March 2013 VA Examination and May 2016 VA Addendum Opinion. However, this conclusion once again fails to address the verified reports of the Veteran's in-service stressor. Additionally, this conclusion does not provide any support for its conclusion, and instead relies upon the findings of the prior March 2013 VA examination and opinion. As such, this May 2016 addendum opinion is not adequate. 

Second, both the March 2013 and May 2016 VA examiners appear to overlook the Veteran's treatment records which reflect continuous treatment and counseling for "chronic" PTSD, in addition to bipolar-type psychotic disorder. See Montgomery VA Clinic Records, Tuskegee Records, and Birmingham Records. As neither the March 2013 examination nor the May 2016 addendum opinion reconciled their conclusions that the Veteran does not have a current diagnosis for PTSD with the Veteran's lengthy treatment history for PTSD, the Board finds these opinions are inadequate. 

Third, the Board finds the May 2016 VA addendum opinion to be problematic because it is unclear whether the examiner would have found the Veteran has a diagnosis of PTSD under the American Psychiatric Association, Diagnostic and Statistical Manual for Mental Disorders, Fifth Edition ("DSM-V"). Rather, the addendum opinion relies upon the March 2013 VA examination, which found the Veteran did not meet the criteria for a PTSD diagnosis under the fourth edition of the DSM. See March 2013 VA Examination. For cases certified to the Board on or after August 4, 2014, a diagnosis of PTSD must be in accordance with the criteria as outlined in the DSM-V. See 38 C.F.R. § 4.125(a); Schedule for Rating Disabilities-Mental Disorders and Definition of Psychosis for Certain VA Purposes, 80 Fed. Reg. 14,303 (March 19, 2015) (updating 38 C.F.R. § 4.125 to reference DSM-V). 

In short, the Board cannot make a determination as to the Veteran's claim without an opinion regarding the nature and etiology of a psychiatric disorder that has a clear rationale. See Barr v. Nicholson, 21 Vet. App. 303, 312 (2007) (finding that when VA undertakes to provide an examination or obtain an opinion, it must ensure that the examination or opinion is adequate). Therefore, the case must be remanded in order to obtain a new VA examination and opinion under the DSM-V.

Lastly, the Board must additionally remand the issue of entitlement to service connection for an erectile dysfunction disability, as secondary to an acquired psychiatric disorder, because this issue is inextricably intertwined. See Harris v. Derwinski, 1 Vet. App. 180 (1991) (holding two issues are "inextricably intertwined" when they are so closely tied together that a final decision on one issue cannot be rendered until a decision on the other issue has been rendered). Following the Board's prior January 2016 Remand, a medical opinion was obtained which provided a positive nexus between the Veteran's erectile dysfunction and the medication the Veteran takes for an acquired psychiatric disorder. However, the Board may not properly review the Veteran's claim for secondary service connection for his erectile dysfunction until the requested development for the issue of service connection of an acquired psychiatric disorder has been completed. Therefore, the issue of service connection for an erectile dysfunction disability, as secondary to an acquired psychiatric disorder, must also be remanded. 

Accordingly, the case is REMANDED for the following action:

1. First, the AOJ should notify the Veteran that he has the right to submit any additional evidence and argument relating to his service connection claim for an acquired psychiatric disorder. 

2. After any additional records are associated with the claims file, the AOJ should secure the appropriate VA psychological examination, to assess the etiology of the Veteran's psychological disabilities. 
It should be noted that the Veteran is competent to report stressors in service, his experienced psychiatric symptoms, and his history, and that such reports must be specifically acknowledged and considered in formulating any opinion. If there is a clinical basis to support or doubt the history provided by the Veteran, the examiner should provide a fully reasoned explanation. 

Based upon a review of the entirety of the claims file, the history presented by the Veteran, and the examination results, the examiner is requested to provide an opinion as to the following questions:

a.) First, the examiner must provide diagnoses for all current and previously diagnosed psychiatric disorders found following a review of the entirety of the Veteran's claims file.

For each disorder identified, other than PTSD, the examiner should state whether it is at least as likely as not (i.e. a 50 percent chance or greater) that the disorder manifested in service or is otherwise causally or etiologically related to the Veteran's military service. 

If the VA examiner finds a psychiatric disability is not causally or etiologically related to the Veteran's military service, the examiner is asked to provide a clear rationale explaining their conclusion. Specifically, there must be a rationale which adequately connects data and conclusions (e.g. concluding that a diagnosis of depression is related to ongoing health concerns is not adequate unless there is a rationale which explains this assumption). 

b.) Second, the VA examiner should determine whether the Veteran meets the DSM-V criteria for a diagnosis of PTSD. In answering this question, the VA examiner is advised that the VA has verified the Veteran's stressor of seeing a fighter jet crash into an Army armored personnel carrier. The examiner should also explicitly address the in-service fights the Veteran had with his fellow soldiers, and which resulted in his discharge.

If a PTSD diagnosis is deemed appropriate, the examiner should then opine as to whether it is at least as likely as not (i.e. a 50 percent chance or greater) that the Veteran's current PTSD symptomatology is due to his in-service stressors. 

The examiner must provide a complete rationale for all opinions expressed. As part of the rationale, the examiner should identify and explain the relevance or significance, as appropriate, of any history, clinical findings, medical knowledge or literature, etc., relied upon in reaching the conclusion(s). A discussion of the facts and medical principles involved would be of considerable assistance to the Board. 

If the examiner cannot provide the requested opinion without resorting to speculation, it must be so stated, and the examiner must provide the reasons why an opinion would require speculation. The examiner must indicate whether there was any further need for information or testing necessary to make a determination. The examiner must indicate whether an opinion could not be rendered due to limitations of knowledge in the medical community at large and not those of the particular examiner. 

3. The AOJ should notify the Veteran that it is his responsibility to report for any scheduled VA psychiatric examination and to cooperate in the development of the claim, and that the consequences for failure to report for a VA psychiatric examination without good cause may include denial of the claim. 38 C.F.R. §§ 3.158, 3.655 (2016). In the event that the Veteran does not report for any scheduled VA examination, documentation must be obtained which shows that notice scheduling the examination was sent to the last known address. It must also be indicated whether any notice that was sent was returned as undeliverable. 

4. After completing the above development, the AOJ should review the claims file and ensure that all of the foregoing development actions have been conducted and completed in full. See Stegall, Vet. App. at 271. 

5. Thereafter, the AOJ should consider all of the evidence of record and readjudicate the service connection claim on appeal. If the benefit sought is not granted, issue a Supplemental Statement of the Case ("SSOC") and allow the Veteran and his representative an opportunity to respond.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




______________________________________________
DAVID L. WIGHT
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).